NOT FOR PUBLICATION



FILED

MAR 08 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-30076 |
| Plaintiff-Appellee, | D.C. No.<br>1:17-cr-00047-SPW-1 |
| v. | |
| CHRISTIAN JOSEPH NAVA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 5, 2019
Portland, Oregon

Before:  GRABER and BERZON, Circuit Judges, and TUNHEIM,[**] Chief District
Judge.

Defendant Christian Joseph Nava appeals from his conviction for possession

with intent to distribute methamphetamine in violation of 21 U.S.C. § 841.  We

affirm the district court's denial of Defendant's motion to suppress.

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

Police officers did not violate the Fourth Amendment by searching the residence of state probationer Brooke Brown. The district court found one of Brown's conditions of probation was consent to warrantless searches of her residence upon reasonable suspicion of a violation of her terms of release and another prohibited her from associating with known parolees, such as Nava.[1]

Brown listed the searched address as her residence, and her landlord told the officers that Brown lived there; officers therefore had probable cause to believe that Brown lived there. See, e.g., Smith v. City of Santa Clara, 876 F.3d 987, 994 n.7 (9th Cir. 2017) (holding that officers must have "probable cause to believe that the probationer actually resides [at the searched residence]"). Officers also had a reasonable suspicion that Brown was in violation of her conditions of probation because credible reports stated that Defendant was staying at Brown's residence. See Mont. Admin. R. 20.7.1101(7) ("Upon reasonable suspicion that the offender has violated the conditions of supervision, a probation and parole officer may search the person, vehicle, and residence of the offender . . . .").

We reject Defendant's argument that the officers' subjective motivations affect that analysis. See, e.g., Ashcroft v. al-Kidd, 563 U.S. 731, 736 (2011) ("Fourth Amendment reasonableness is predominantly an objective inquiry. We

---

[1] Defendant does not challenge these findings.

ask whether the circumstances, viewed objectively, justify the challenged action.

If so, that action was reasonable <u>whatever</u> the subjective intent motivating the

relevant officials." (citations, internal quotation marks, and alteration omitted)); <u>see</u>

<u>also</u> <u>United States v. Knights</u>, 534 U.S. 112, 122 (2001) (rejecting the relevance of

the officers' actual motivations to a warrantless search of a probationer's

residence).

**AFFIRMED.**